**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | | |
|---|---|---|
| **ELLEN SMITH,** | ) | Case No.: |
| 25500 Cedar Road | ) | |
| Beachwood, Ohio 44122 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| **HORIZON SCIENCE ACADEMY** | ) | |
| **DENISON ELEMENTARY, INC.,** | ) | |
| c/o its statutory agent | ) | |
| Ugur Zengince | ) | |
| 1700 Denison Avenue | ) | **Plaintiff demands a trial by jury on all** |
| Cleveland, Ohio 44109 | ) | **issues triable of right by a jury, pursuant** |
| | ) | **to Fed. R. Civ. Proc. 38(b)(1).** |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **CONCEPT SCHOOLS, NFP,** | ) | |
| c/o its agent | ) | |
| Sedat Duman | ) | |
| 2250 E Devon Ave Ste 215 | ) | |
| Des Plaines, Illinois 60018 | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY STATEMENT**

1. Plaintiff Ellen Smith (hereinafter "Plaintiff" or "Smith") brings this action for damages against Defendant Concept Schools NFP, (hereinafter "Concept Schools"), and Defendant Horizon Science Academy Denison Elementary, Inc., (hereinafter "HSA")(collectively "Defendants") for violations of 29 U.S.C. § 701, *et seq*. (Rehabilitation Act of 1973, hereinafter "Rehabilitation Act"), 42 U.S.C. § 12101, *et seq.*

(Americans with Disabilities Act, as amended, hereinafter "ADA"), 29 U.S.C. § 621, *et seq.*, (Age Discrimination in Employment Act, as amended, hereinafter "ADEA"), and Ohio Revised Code § 4112.02 and § 4112.99.

## JURISDICTION & VENUE

2. Smith is a citizen of the United States who resides in Cuyahoga County, Ohio.

3. Smith is a "person," "individual" and "employee" within the meaning of 29 U.S.C. § 701, *et seq.*, 42 U.S.C. § 12101, *et seq.*, 29 U.S.C. § 621, *et seq.*, and Ohio Rev. Code § 4112, *et seq.*

4. Concept Schools is an Illinois corporation for non-profit that owns, operates and manages charter schools throughout Ohio, including HSA.

5. Concept Schools is a "public entity" and/or "public accommodation" within the meaning of 42 U.S.C. § 12101, *et seq.*, and Ohio Rev. Code § 4112, *et seq.*

6. Concept Schools operates a "program or activity" within the meaning of 29 U.S.C. § 794.

7. Concept Schools is a "person," an "individual" and an "employer" within the meaning of 42 U.S.C. § 12101, *et seq.*, 29 U.S.C. § 621, *et seq.*, and Ohio Revised Code § 4112, *et seq.*

8. HSA is an Ohio corporation for non-profit registered in and with its principal place of business in Cuyahoga County, Ohio.

9. HSA is a "public entity" and/or "public accommodation" within the meaning of 42 U.S.C. § 12101, *et seq.*, and Ohio Rev. Code § 4112, *et seq.*

10. HSA operates a "program or activity" within the meaning of 29 U.S.C. § 794.

11. HSA is a "person," an "individual" and an "employer" within the meaning of 42 U.S.C. § 12101, *et seq.*, 29 U.S.C. § 621, *et seq.*, and Ohio Rev. Code § 4112, *et seq.*

12. The conduct and injuries giving rise to the claims below arose in Cuyahoga County, Ohio.

13. Smith has exhausted all administrative remedies, including issuance of a "Right to Sue" letter from the Equal Employment Opportunity Commission.

14. This matter is timely filed under Federal and State law.

15. Jurisdiction over Smith's claims is conferred upon this Court pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction is conferred upon this Court with respect to any claims brought under Ohio law pursuant to 28 U.S.C. § 1367. Venue in the United States District Court for the Northern District of Ohio is appropriate under 28 U.S.C. § 1391(b). Jurisdiction and venue are proper.

### FACTS APPLICABLE TO ALL CAUSES OF ACTION

16. Smith incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

17. Defendants operate and manage a school funded by public sources, and attended by students with special needs and disabilities.

18. Concept Schools provides management services to HSA.

19. HSA is managed by Concept Schools.

20. A Concept School employee and manager serves as the Treasurer for HSA.

21. Concept Schools employs more than four employees in Ohio.

22. Concept Schools and HSA are joint employers of Smith.

23. Concept Schools and HSA share computer networks, financial accounts and have certain common board members and management employees.

24. Concept Schools and HSA hold themselves out to the public as an integrated enterprise.

25. Concept Schools created a school design which is jointly implemented and managed by Concept Schools and HSA.

26. Concept Schools developed policies and procedures for the treatment and education of students with disabilities and special education needs.

27. HSA developed policies and procedures for the treatment and education of students with disabilities and special education needs.

28. Concept Schools and HSA jointly adopted and implemented policies and procedures for the treatment and education of students with disabilities and special education needs.

29. Concept Schools developed policies and procedures pertaining to the standardized testing of students with disabilities and special education needs.

30. HSA developed policies and procedures pertaining to the standardized testing of students with disabilities and special education needs.

31. Concept Schools and HSA jointly adopted and implemented policies and procedures for the treatment and education of students with disabilities and special education needs.

32. Defendants' policies and procedures and related conduct violated and continue to violate the rights of students with disabilities and special education needs.

33. Concept Schools manages, participates in, and exerts control over HSA operations and employees, including but not limited to: sharing common management and leadership, developing business plans; maintaining overlapping board membership; managing budgets and finances; providing financial support; designing curriculum and standards; monitoring and evaluating teacher and student progress; providing human resources services; providing employee training; and participating in the recruiting, interviewing, training, professional development, evaluation, hiring, compensation, discipline and termination of employees.

34. Smith was employed with Defendants from 2008 until on or around January 7, 2012.

35. At all times relevant to the allegations contained within this Complaint, Smith was qualified for the position(s) she held.

36. At all times relevant to the allegations contained within this Complaint, Smith was able to perform and did successfully perform the duties and responsibilities of her position(s).

37. On or around January 7, 2012, Defendants terminated Smith's employment.

38. Defendants did not terminate Smith for any reasons related to her work performance, her adherence to company policy and practice, or for just cause.

39. Defendants refused to reinstate, rehire, transfer or reassign Smith to available positions for which Smith was qualified.

## FIRST AND SECOND CAUSES OF ACTION
### (Retaliation)

40. Smith incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

41. Smith engaged in protected activity when she aided and encouraged individuals with disabilities in the exercise and enjoyment of their rights.

42. Smith engaged in protected activity when she requested Defendants to provide reasonable accommodations for individuals with disabilities.

43. Smith engaged in protected activity when she complained to Defendants about unlawful discrimination against individuals with disabilities.

44. Defendants have a pattern and practice of aggrieving, interfering with, and discriminating against individuals with disabilities, and of retaliating against individuals who aid and encourage individuals with disabilities to exercise and enjoy their rights, who request reasonable accommodations and who oppose unlawful discrimination.

45. Defendants unlawfully aggrieved, interfered with and retaliated against Smith because she aided and encouraged individuals with disabilities to exercise and enjoy their rights, requested reasonable accommodations for them, and because she opposed unlawful discrimination by, among other things: treating her less favorably than employees who did not engage in protected activity; discriminatorily subjecting her to unfair assignments, scrutiny and discipline; deviating from written and unwritten employment policies, practices, and procedures with respect to her; discriminatorily administering employment policies, practices and procedures; impeding her ability to perform her job; making disparaging disability-related remarks; failing to investigate and take remedial steps in response to her complaints; removing her from her position; terminating her employment; refusing to transfer, redeploy, recall or rehire her to her former position or to other positions for which she was qualified; with respect to pay; and otherwise discriminating against her with respect to the terms and conditions of employment, in violation of 29 U.S.C. § 794, 42 U.S.C. § 12203, and Ohio Rev. Code § 4112.02(I).

46. As a direct and proximate result of Defendants' unlawful conduct, Smith suffered and will continue to suffer economic compensatory and non-economic compensatory damages, including but not limited to past and future economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

47. Defendants' discriminatory actions against Smith in violation of 29 U.S.C. § 794, 42 U.S.C. § 12203, and Ohio Rev. Code §§ 4112.02(I) were willful, in bad faith, conducted with malicious purpose, conducted in a wanton or reckless manner, and in disregard of her rights, and render Defendants liable for past and future economic and non-economic compensatory damages, punitive damages pursuant to Ohio Rev. Code § 4112.99,

attorneys' fees, costs, expenses and any other legal or equitable relief that this Court deems appropriate.

### THIRD AND FOURTH CAUSES OF ACTION
### (Age Discrimination)

48. Smith incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

49. At all relevant times, Smith was over the age of forty (40).

50. Smith was over the age of forty (40) when Defendants removed her from her position, refused to reinstate her to her former position or to consider her for open positions for which she was qualified, terminated her employment, denied her equal pay, and otherwise deviated from its written and unwritten employment policies, practices, and procedures with respect to her.

51. Defendants replaced Smith with a substantially younger individual, and hired substantially younger individuals into open positions for which she was qualified.

52. Defendants have a pattern and practice of discriminating against employees on the basis of age with respect to the terms, conditions, and privileges of employment, including but not limited to treating older employees less favorably than younger workers in hiring, retention, discipline and discharge decisions.

53. Defendants unlawfully discriminated against Smith because of her age with respect to the pay, terms, conditions, and privileges of her employment, by, among other things: treating her less favorably than younger employees; discriminatorily subjecting her to unfair assignments, scrutiny and discipline; impeding her ability to perform her job; making ageist comments; discriminatorily administering employment policies and standards; removing her from her position; terminating her employment; refusing to

transfer, redeploy, recall or rehire her to her former position or to other positions for which she was qualified, in violation of Ohio Rev. Code §§ 4112.14 and 4112.99 and the ADEA.

54. As a direct and proximate result of Defendants' unlawful conduct, Smith suffered and will continue to suffer economic compensatory and non-economic compensatory damages, including but not limited to past and future economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

55. Defendants' discriminatory actions against Smith in violation of 29 U.S.C. § 621, *et seq.*, ADEA and Ohio Rev. Code §§ 4112.14 and 4112.99 were willful, in bad faith, conducted with malicious purpose, conducted in a wanton or reckless manner, and/or in disregard of her rights, and render Defendant liable for lost wages and benefits, past and future economic and non-economic compensatory damages, liquidated damages, as well as attorneys' fees, costs, expenses, and any other legal or equitable relief that this Court deems appropriate.

### FIFTH CAUSE OF ACTION
**(Aiding and Abetting Discrimination)**

56. Smith incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

57. Concept Schools and HSA aided and abetted each other in discriminating against Smith because of her age, and because she aided and encouraged individuals with disabilities to exercise and enjoy their rights, sought reasonable accommodations for individuals with disabilities, and opposed unlawful discrimination on the basis of disability, in violation of Ohio Rev. Code § 4112.02(J).

58. As a direct and proximate result of Defendants' aiding and abetting discrimination in violation of Ohio Rev. Code § 4112.02(J), Smith suffered and will continue to suffer economic compensatory and non-economic compensatory damages, including but not limited to past and future economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

59. Defendants' discriminatory actions against Smith in violation of Ohio Rev. Code §§ 4112.02(J) and 4112.99 were willful, in bad faith, conducted with malicious purpose, conducted in a wanton or reckless manner, and/or in disregard of her rights, and render Defendants liable for past and future economic and non-economic compensatory and punitive damages, as well as attorneys' fees, costs, expenses and any equitable relief that this Court deems appropriate.

## **CONCLUSION**

Plaintiff Ellen Smith seeks an amount in excess of $75,000.00 to fully, fairly and justly compensate her for her injury, damage and loss.  She respectfully requests that this Court enter judgment in her favor and award her past economic, future economic and non-economic compensatory damages, lost wages and fringe benefits, seniority rights, punitive damages, liquidated damages, interest, civil penalties, all attorneys' fees and costs, witness fees, expert fees and any additional legal or equitable relief that it deems appropriate, including but not limited to back pay, front pay, employment, reinstatement and promotion.

Respectfully submitted,


 */s/ Christopher P. Thorman*
CHRISTOPHER P. THORMAN (0056013)
cthorman@thllaw.com
J. MATTHEW LINEHAN (0085286)
mlinehan@thllaw.com

THORMAN & HARDIN-LEVINE CO., LPA
3100 Terminal Tower
50 Public Square
Cleveland, Ohio 44113
Phone (216) 621-3500
Fax (216) 621-3422

*Attorneys for Plaintiff*